IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MATHEW LAWRENCE MOSES and KRISTIN MARIE MOSES on their own behalf and on behalf of their children PARKER EVANMOES, GENEVIEVE GRACE MOSES, and MICAH LAWRENCE MOSES<br><br>Plaintiffs<br><br>vs<br><br>DEYA ELEVATOR SERVICES, INC.<br>OTIS ELEVATOR, INC.<br>ESTEBAN SANTIAGO and his wife JANE DOE, the conjugal partnership composed by ESTEBAN SANTIAGO and his wife JANE DOE;<br>JOHN DOE 1, JOHN DOE 2,<br>INSURANCE COMPANIES A, B, C, D, E, AND F,<br>CORPORATIONS X, Y, AND Z<br><br>Defendants | CIVIL 04-1847CCC |

## ORDER OF JUDICIAL AUTHORIZATION

This matter is before the Court pursuant to a Settlement Stipulation (**docket entry 53**) and plaintiffs' Petition for Judicial Approval of Settlement on Behalf of Minors filed on November 1, 2005 (**docket entry 56**).

As reflected in the Settlement Stipulation, the remaining parties have agreed to settle this action for the total sum of $1,000,000.00 plus costs. See docket entry 53, at p. 2, ¶4. Plaintiffs' verified Petition for Judicial Approval describes the incident which led to the filing of the complaint and the injuries suffered by them, as well as the distribution of the settlement amount. The settlement award of $1,000,000.00 will be mainly distributed between adult plaintiff Kristin Moses, who will receive $480,000.00, and minor Parker Moses, who has been assigned $400,000.00. Parker was the only plaintiff that sustained physical injuries, albeit

CIVIL 04-1847CCC                                      2

minor ones, and also experienced appreciable psychological injuries. His siblings, minors Micah and Genevieve, did not suffer either physical or psychological injuries, and each has been assigned $10,000.00 of the settlement award.

The Court, after due and careful consideration of the allegations of the complaint, the Settlement Agreement, the verified Petition for Judicial Approval and the exhibits attached to the latter, is satisfied that the awards of $400,000.00 to minor Parker, and $10,000.00 each to minors Micah and Genevieve, constitute reasonable and adequate compensation for the minors' damages and serve their best interests. Accordingly, the settlement of the minors' claims is AUTHORIZED.

The Court also APPROVES the investment plan of the minors' settlement awards proposed by plaintiffs. Accordingly, after deducting from the awards the percentage (25%) corresponding to the contracted attorney's fees, the amounts of $300,000.00 corresponding to minor Parker, and of $7,500.00 corresponding to each of minors Micah and Genevieve, shall be deposited with UBS Financial Services, Inc. in three separate accounts, each in the name and for the benefit of the particular minor child. Said funds may only be invested in instruments where both the principal and interest are guaranteed by the federal government. The adult plaintiffs shall present evidence to the Court, by no later than DECEMBER 16, 2005, of having deposited the minors' settlement monies in the approved accounts. No transactions shall be made with these monies before the minors reach legal age unless prior authorization is obtained from the Court.

SO ORDERED.

At San Juan, Puerto Rico, on November 17, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge